NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLO MOERSCH, a citizen and resident of the county of Luxembourg,

Plaintiff-Appellee,

v.

CHARLES S. ZAHEDI, a citizen and resident of California,

Defendant-Appellant.

No.    17-55177

D.C. No.
8:16-cv-00151-CJC-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 18, 2018[**]
Pasadena, California

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Charles Zahedi appeals from the district court's grant of summary judgment

to Carlo Moersch.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a district court's decision whether to recognize a foreign-country money

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment under California's Uniform Foreign-Country Money Judgments

Recognition Act (the "Uniform Act"). *See Ohno v. Yasuma*, 723 F.3d 984, 1001–

02 & n.20 (9th Cir. 2013). We affirm.

1.      Zahedi has not carried his burden of establishing that his due process

rights were violated by the Luxembourg Court of Appeal. *See Hyundai Sec. Co. v.*

*Lee*, 182 Cal. Rptr. 3d 264, 268 (Ct. App. 2015). Though Zahedi alleges that he

lacked notice of the Luxembourg proceeding and was not present or represented by

counsel before the Luxembourg Court of Appeal, the record refutes these

allegations. An authenticated copy of the Luxembourg Court of Appeal's

judgment indicates that Zahedi was represented. Zahedi cites his own declaration

to establish the contrary, but the district court did not abuse its discretion in finding

that the declaration fails to meet the requirements of Federal Rule of Civil

Procedure 56(c)(4) and thus is inadmissible.[1] *See Bias v. Moynihan*, 508 F.3d

1212, 1224 (9th Cir. 2007).

2.      The 300,000 euros that Zahedi contests as a "fine or penalty" not

subject to recognition under the Uniform Act, *see* Cal. Civ. Proc. Code

---

[1]      We deny Zahedi's motion to supplement the record with a 2010 letter that he allegedly sent his Luxembourg counsel informing her that he had moved to California. Federal Rule of Appellate Procedure 10(e) "cannot be used to add to or enlarge the record on appeal to include material which was not before the district court." *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979).

§ 1715(b)(2), was a compensatory award between civil litigants. It was not a punitive judgment for a violation of a public offense. The award was therefore not a "fine or penalty" for purposes of the Uniform Act and was subject to recognition. *See Java Oil Ltd. v. Sullivan*, 86 Cal. Rptr. 3d 177, 183–84 (Ct. App. 2008).

**AFFIRMED.**